

2012 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2012

# Jermanine Salmon v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-3796

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2012

Recommended Citation

"Jermanine Salmon v. Atty Gen USA" (2012). *2012 Decisions.* Paper 852.
http://digitalcommons.law.villanova.edu/thirdcircuit_2012/852

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2012 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3796
_____

JERMAINE RONNIE SALMON,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A058-462-933)
Immigration Judge: Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 15, 2012

Before: JORDAN, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: June 18, 2012)
_____

OPINION
_____

PER CURIAM

        Salmon petitions for review of the Board of Immigration Appeals' ("BIA")

August 11, 2011 order upholding the decision of the Immigration Judge denying

Salmon's request for a continuance of his removal proceedings while he pursued post-

conviction relief and ordering Salmon removed to Jamaica. The Government filed a motion to dismiss, arguing that the petition for review was not timely filed. On March 30, 2012, the BIA sua sponte reopened Salmon's appeal pursuant to 8 C.F.R. § 1003.2(a). The Government now seeks leave to withdraw its original motion to dismiss, but moves for dismissal on the ground that there is no longer a final order of removal over which this Court has jurisdiction. We will grant the motion to dismiss for lack of a final order, as well as the motion to withdraw the first motion to dismiss.

This Court's jurisdiction is limited to final orders of removal. See 8 U.S.C. § 1252(a)(1); Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). While an agency order may satisfy the finality requirement at the time the petition for review is filed, subsequent administrative proceedings can affect finality, thereby eliminating a Court of Appeals' jurisdiction. In particular, "the grant[ing] of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings." Bronisz v. Ashcroft, 378 F.3d 632, 637 (7th Cir. 2004). Because the BIA has reopened Salmon's immigration proceedings, there is no longer a final order of removal, and we therefore lack jurisdiction to entertain his petition for review.

Accordingly, we will grant the Government's April 19, 2012 motion to dismiss for lack of jurisdiction, as well as the Government's motion to withdraw its first motion to dismiss. Salmon's "Motion to Request this Court to Entertain Petitioner's Supplemental Brief," filed on January 23, 2012, is denied as unnecessary.